**Lely Sri MULYANI, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–73300.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2008.*

Filed Jan. 20, 2009.

Gihan L. Thomas, Law Offices of Gihan L. Thomas, Los Angeles, CA, for Petitioner.

Wendy Benner–Leon, Genevieve Holm, Ari Nazarov, DOJ–U.S. Department of Justice, Washington, DC, CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: O'SCANNLAIN, BYBEE, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Lely Sri Mulyani, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals's ("BIA") order dismissing her appeal from an immigration judges's ("IJ") decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir.2006), and we deny in part, grant in part, and dismiss in part the petition for review, and we remand.

The record does not compel the conclusion that Mulyani presented extraordinary circumstances to excuse her untimely filed asylum application. *See* 8 C.F.R. § 1208.4(a)(5); *see Ramadan v. Gonzales*, 479 F.3d 646, 658 (9th Cir.2007) (per curiam). Therefore, Mulyani's asylum claim fails.

▮ In affirming the IJ's denial of withholding of removal, the BIA stated that it

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

agreed with the IJ's conclusion that Mulyani had not established past persecution. However, the IJ did not determine whether Mulyani had suffered past persecution, he only addressed whether she had established a clear probability of future persecution. We therefore grant the petition for review as to the withholding of removal claim and remand for further proceedings consistent with this disposition and to consider the applicability of our decision in *Lolong v. Gonzales,* 484 F.3d 1173 (9th Cir.2007) (en banc). *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam); *see also Muradin v. Gonzales,* 494 F.3d 1208, 1210 (9th Cir.2007) (remanding when BIA relied on a finding that IJ did not make).

Mulyani's opening brief does not make arguments challenging the IJ's determination that she did not establish eligibility for CAT relief. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

██ We lack jurisdiction to consider Mulyani's claim that the IJ denied her due process by precluding Mulyani from presenting her case because Mulyani failed to exhaust this claim before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (generally requiring exhaustion of due process claims before the BIA).

Mulyani's motion to file an amended petition for review is denied. *See* 8 U.S.C. § 1252(d)(1).

**PETITION DENIED in part; GRANTED in part; DISMISSED in part; REMANDED.**